UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

        Plaintiff,

v.   CAUSE NO. 3:20-CV-423 DRL-MGG

LAPORTE COUNTY JAIL
ADMINISTRATION *et al.*,

        Defendants.

OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Jordan alleges that, during his time at the LaPorte County Jail, he complained to Captain Al Ott and Sergeant J. Wilcher about a variety of conditions. He sets these conditions forth in his complaint as a "list of wrongs." ECF 1 at 2. He complained about the amount of toilet paper and soap he received – one roll and one small bar per week. He complained about the diluted cleaning solutions and the inadequacy of other cleaning supplies that were provided. He complained about a lack of reading and writing

materials when he was in segregation, and the lack of sound on the television. He complained about overcrowding and a lack of opportunities to practice his religion (which he does not identify). He complained about medical care or the lack thereof. He complained about lockdowns and a lack of indoor recreation. He complained about the unevenness of the floor (which caused him to fall, although he reports no injuries) and the temperature of the food. He complained about the cost of goods sold in the commissary and the way those goods are taxed. And, he complained about a lack of law library access. And, he complained about the grievance system, which yielded no real results. Captain Al Ott and Sergeant J. Wilcher did not remedy these circumstances in response to Mr. Jordan's complaints, so he has sued them and the LaPorte County Jail Administration.

As an initial matter Mr. Jordan cannot sue unnamed members of the jail's staff. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Therefore, unnamed LaPorte County Jail Administration will be dismissed.

Because Mr. Jordan was a pretrial detainee, his claims must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). It has long been recognized that inmates are entitled to "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir.

2

2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Inmates are held in conditions that amount to punishment when they are not provided with "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Id*. (quoting *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-74 (2015); *see also Hardeman*, 933 F.3d at 823 (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda*, 900 F.3d at 353.

Some allegations in the complaint are trivial. Mr. Jordan's complaint about the television not having sound and the insufficient quantity of toilet paper are examples. Other allegations are vague. He includes little to no facts describing what occurred, when, or who was involved – just general statements. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Mr. Jordan's "list of wrongs" (ECF 1 at 2) does not state a claim; it allows no more than the inference of a mere possibility of misconduct.

Furthermore, he does not explain how Captain Al Ott and Sergeant J. Wilcher were involved in the various things he complains about, other than as individuals to whom Mr. Jordan complained. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Captain Al Ott and Sergeant J. Wilcher are not liable for the allegations Mr. Jordan makes here just because they knew about them, and they are not liable for the way they adjudicated Mr. Jordan's grievances about these conditions. Mr. Jordan has no

4

constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

Furthermore, because it is unclear who was involved in each of Mr. Jordan's various complaints, it is also unclear that Mr. Jordan's claims are sufficiently related to one another to proceed together in one lawsuit. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Jordan may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. His amended complaint should be limited to claims that are related to one another. If he is unable to do so, it may become necessary for the court to choose a claim for him or sever his case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21" or "by severance (creating multiple suits that can be separately screened) . . .."). After he properly completes the complaint form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Victor L. Jordan until **June 22, 2021**, to file an amended complaint; and

(2) CAUTIONS Victor L. Jordan if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 25, 2021 *s/ Damon R. Leichty*
Judge, United States District Court